**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FILBERTO PEREZ-VASQUEZ, | No. 06-73324 |
| Petitioner, | Agency No. A73-928-463 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2010[**]
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and MOODY, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  Fed. R. App. P. 34(a)(2).

[***]    The Honorable James Maxwell Moody, Senior United States District
Judge for the Eastern District of Arkansas, sitting by designation.

Filberto Perez-Vasquez ("Perez-Vasquez"), a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' decision adopting and affirming an immigration judge's order granting a motion to reconsider by the U.S. Department of Homeland Security ("DHS"). The Board of Immigration Appeals ("BIA") held that the Immigration Judge correctly determined upon reconsideration that Perez-Vasquez's second motion to reopen was number-barred and that there was no procedural error when the Immigration Judge granted DHS's motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. §1252. We review for abuse of discretion. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008).

The BIA did not abuse its discretion in determining that the DHS properly filed a motion to reconsider with the Immigration Judge. A party affected by a decision of an immigration judge may appeal to the Board or file a motion to reopen or reconsider with the immigration court. 8 C.F.R. §§1003.3 and 1003.23. Further, the BIA did not abuse its discretion in its determination that the Immigration Judge erroneously reopened the proceedings because the second motion to reopen was number barred. An alien who is subject to a final order of removal entered in absentia is limited to only one motion to reopen the removal proceedings. 8 C.F.R. §1003.23(b)(4)(ii). We agree that the evidence presented

2

by Petitioner failed to demonstrate postal delivery errors during the period in question.

The petition for review is DENIED.